**PULSE ONE COMMUNICATIONS, INC., et al.**

v.

**BELL ATLANTIC MOBILE SYSTEMS, INC.**

**Civ. No. S 91–720.**

United States District Court, D. Maryland.

March 28, 1991.

Stephen L. Snyder, Sheldon N. Jacobs and Gerson B. Mehlman, Snyder, Baron, Mehlman & Wais, Baltimore, Md., for plaintiffs.

James P. Garland, Richard T. Sampson, Charles E. Iliff and Franklin T. Caudill, Semmes, Bowen & Semmes, Baltimore, Md., for defendant.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This case is before the Court for the second time, having already been remanded to the Circuit Court for Baltimore City by this Court's Order dated July 6, 1990, under docket number Civil S 90–1363. Mesne proceedings in the Circuit Court for Baltimore City have resulted in the entry of an Order (within the last thirty days) by a judge of that court granting defendant summary judgment on the claims of the individual, non-diverse plaintiffs, with trial as to the remaining defendant just about one month off. The defendant's present removal of this case is premised, first, on the notion that it became removable when the claims of the individual plaintiffs were the subject of a grant of summary judgment in the defendant's favor and, second, that their presence in the case was fraudulent, in the diversity jurisdiction sense, from the beginning.

Plaintiffs have moved to remand, and defendant has moved to transfer this case to the District of New Jersey or dismiss it. Briefing on these motions was expedited, in view of the April trial date in Baltimore City. After considering defendant's opposition to the remand motion, the Court has determined that neither a reply brief nor oral argument is needed.

■ The defendant is wrong in its first premise supporting removal, *i.e.*, that the case became removable simply because the individual plaintiffs were taken out of the case by a summary judgment order. The order entered in the Baltimore City court was not a final judgment, in that it did not dispose of all claims against all parties, under Md. Rule 2–602(a), which is analogous to Fed.R.Civ.P. 54(b). The Court agrees with plaintiffs' contention that the order is thus still interlocutory as to them, as the Maryland Rule clearly states, and, thus, they have not been terminated from the action with sufficient finality to warrant removal. *See Higgins v. E.I. DuPont DeNemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1988). Even though *Higgins* was a case in which it was a non-diverse defendant, not a plaintiff, who was terminated involuntarily from the case, as the discussion in *Higgins* makes clear, the *involuntary* dismissal of a non-diverse party from a case does not sufficiently remove that party from the case as to support removal of the case to a federal court. The reason for this result is that, on appeal, the involuntary dismissal could be found erroneous, thus reinstalling the non-diverse party. If the case were removed in such a posture and the federal appellate court were to hold the involuntary dismissal improper, then there could be no proper exercise of federal jurisdiction, all federal proceedings theretofore would have been futile, and the case would have to go back to the state court for final adjudication, after much waste of time and energy in the federal system.

Apparently recognizing the problem discussed above, in its opposition the defendant focuses principally on the contention that the individual plaintiffs were improperly named in the first place, to destroy diversity jurisdiction. Almost all of the case law on improper joinder to destroy

diversity involves non-diverse defendants who are named or joined by plaintiffs wishing to keep a case from being removed to a federal court. *See* cases collected at 14 C. Wright, A. Miller, and E. Cooper, *Federal Practice and Procedure:* Jurisdiction 2d § 3641 (1985). This case, with its elaborate jurisdictional minuet already involving state, federal, and bankruptcy courts in Maryland and New Jersey, differs in that the individual plaintiffs were allegedly put into the case from the beginning as "diversity busters," to use the picturesque description that, according to defendant's counsel, has been bestowed upon them by their own counsel. The only recent case in a similar procedural posture which this Court has turned up is *Glass Molders Intern. Union v. Wickes Cos.*, 707 F.Supp. 174 (D.N.J.1989) (Gerry, C.J.). In that case, as in this one, it was most strenuously argued by the removing defendant that the individual plaintiffs could not recover on their claims, for want of an essential element of their claims under state law. Chief Judge Gerry, applying case law that had been developed for the more typical scenario of allegedly improperly joined defendants, held that, to be fraudulently joined to destroy the possibility of a diversity removal, the plaintiffs in question must be shown to have "absolutely no possibility" of prevailing on their claims, a determination that should be made cautiously by a court "uncertain of its jurisdiction." *Id.* at 181.

■ The defendant argues that the state court's (interlocutory) resolution of its summary judgment motion demonstrates that the individual plaintiffs' claims are (and have been *ab initio*) absolutely baseless, and thus, removal should be allowed. This Court, although it might strongly question the reason why the individual plaintiffs were named in the first place (as indeed it did in the July 6, 1990, Memorandum Opinion), cannot hold that there is no arguably reasonable basis for predicting that state law might impose liability upon the defendant in their favor. Although weak, a third-party beneficiary reed might exist to support the individual plaintiffs' claims, whether embodied in arguments already

presented to the state court but rejected in a still-interlocutory summary judgment ruling, or not yet presented, but capable of assertion, were the case remanded, in a motion to reconsider the grant of summary judgment, or even on appeal. As in *Glass Molders, supra*, the state law argument might be meritless as well as novel, but, as Chief Judge Gerry held in that case, the state courts should make that determination, not the federal removal court, at least where the claim is not wholly nonsensical. The individual plaintiffs' claims here, tenuous though they might be, are not wholly nonsensical.

■ Even if the individual plaintiffs were fraudulently named in the first place, this argument would not appear to be timely asserted now, because more than 30 days have elapsed since the "event" making the case removable (the allegedly fraudulent naming of the individual plaintiffs) occurred, *see* 28 U.S.C. § 1446(b). The paper accomplishing the individual plaintiffs' interlocutory dismissal from the case (the state court summary judgment order) does not, in my judgment, revive an earlier removal ground that was asserted, but decided adversely to the defendant, within the 30 day original removal window. Defendant argues that it could not, in good faith, ascertain the baselessness of the individual plaintiffs' claims until they were disposed of on summary judgment, but this argument is a bit unconvincing in light of defendant's early and consistent view of those claims as fraudulent, expressed when the first attempt at removal was made.

■ Finally, to prevent yet a third attempt at removal (should, on remand, the summary judgment grant against the individual plaintiffs be made final and appealable by the state court), the Court notes that, as in *Higgins*, their involuntary termination from the case would remain reviewable on appeal and would continue to defeat removal.

For the reasons stated, an Order will be entered separately, remanding this case to the Circuit Court for Baltimore City, Maryland, with costs on remand awarded to the

plaintiffs. The grant of costs does not invite any Rule 11 motion from the plaintiffs, as the Court holds that, although not ultimately determined to be of merit, the removal notice was not filed without any arguable basis. The Remand Order will also provide that the defendant's motion to transfer or dismiss is mooted by remand of the case.