**Lois Walker BROWN, et al., Plaintiffs,**

v.

**BROWN & WILLIAMSON TOBACCO CORPORATION, individually and as successor in interest to The American Tobacco Company, Inc., et al., Defendants.**

No. Civ.A. 97–2409 (RMU).

United States District Court, District of Columbia.

Sept. 28, 1998.

James K. Archibald, Veneble, Baetjer, Howard & Civiletti, L.L.P., Washington, DC, Benjamin Sorrells Boyd, Piper & Marbury, L.L.P., Washington, DC, Thomas Wesley Kirby, Wiley, Rein & Fielding, Washington,

DC, David M. Malone, Washington, DC, for Defendants.

Wayne R. Cohen, Cohen & Cohen, Washington, DC, for Plaintiffs.

## MEMORANDUM OPINION AND ORDER

URBINA, District Judge.

### Granting Plaintiffs' Motion to Remand

This matter is before the court on the plaintiffs' motion to remand this case to the Superior Court for the District of Columbia ("D.C. Superior Court"). For the reasons stated below, the plaintiffs' motion is granted.

### Background

On September 19, 1997, the plaintiffs filed in D.C. Superior Court a complaint against two separate defendants, Brown & Williamson Tobacco Corporation, individually and as successor in interest to The American Tobacco Company, Inc. ("Brown & Williamson") and Philip Morris Incorporated ("Phillip Morris"). Subsequently, on October 10, 1997, the plaintiffs filed in D.C. Superior Court an amended complaint wherein they added a third defendant, H & Y Chun Corporation d/b/a Michigan Liquors ("H & Y Chun").

In their amended complaint, the plaintiffs claim a right to relief based on the defendants' (1) failure to warn of the risks associated with cigarettes, (2) failure to manufacture cigarettes free from design defects, (3) liability for manufacturing and selling an unreasonably dangerous product, (4) false and misleading statements of material fact, (5) deceptive trade practices, and (6) liability for the plaintiffs' loss of consortium. Each of the plaintiffs' six claims for relief is premised on the law of the District of Columbia. The plaintiffs are seeking compensatory and punitive damages, plus costs and any other relief deemed just and proper.

On October 17, 1997—after the plaintiffs had filed their amended complaint but before the defendants had learned of the filing—the defendants removed this case to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Neither Brown & Williamson nor Phillip Morris, the original defendants, are incorporated in or have their principal places of business in the District of Columbia. The plaintiff, however, is a citizen of the District of Columbia, and the added defendant, H & Y Chun, operates a store located in Washington, D.C. On December 5, 1997, the plaintiffs filed a motion claiming that removal was improper and asking this court to remand this case back to D.C. Superior Court.

### Analysis

■ The district courts of the United States have original jurisdiction over any civil action in which the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332(a). The diversity of citizenship requirement of 28 U.S.C. § 1332 is met only when the citizenship of *every* plaintiff in an action is different from the citizenship of *every* defendant. *See Fortuin v. Milhorat*, 683 F.Supp. 1, 2 (D.D.C.1988) (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978)) (emphasis added). If the requirements of 28 U.S.C. § 1332 are met, a defendant may remove a civil action from state court to federal court. *See* 28 U.S.C. § 1441(a). An action removed to federal district court "shall be remanded" back to state court, however, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

■ The proper addition of H & Y Chun, a Washington, D.C. corporation, as a defendant in this action would destroy the diversity of citizenship required under 28 U.S.C. § 1332 and mandate that this court remand this case back to D.C. Superior Court. The defendants contend, however, that H & Y Chun was fraudulently joined in this action and, therefore, the plaintiffs' motion to remand should be denied.

■ To prove that a defendant has been joined fraudulently for the purpose of destroying diversity, a defendant "must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud

in the plaintiff's pleadings of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981); *see Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir.1993); *Richardson v. Phillip Morris Inc.*, 950 F.Supp. 700, 702 (D.Md.1997). The defendants here claim that they can demonstrate fraudulent joinder because the plaintiffs cannot establish a cause of action against H & Y Chun. The court disagrees.

There is a heavy burden on a defendant claiming fraudulent joinder, and courts are required to resolve all disputed issues of fact and law in favor of the plaintiff. *See Marshall*, 6 F.3d at 232–33; *Richardson*, 950 F.Supp. at 702. It is not enough to show a likelihood of ultimate success in the action; the defendant must show that the plaintiff has "*no possibility* of a right to relief." *Richardson*, 950 F.Supp. at 702 (emphasis). "[I]f there is even a possibility that a state court would find a cause of action stated against any one of the named in-state defendants on the facts alleged by the plaintiff, then the federal court must find that the in-state defendant(s) have been properly joined, and that there is incomplete diversity, and that the case must be remanded to the state courts." *B. Inc.*, 663 F.2d at 550. Unless a state law claim is "wholly nonsensical," remand is the appropriate course of action. *Pulse One Communications, Inc. v. Bell Atlantic Mobile Systems, Inc.*, 760 F.Supp. 82, 84 (D.Md.1991) ("[T]he state law argument might be meritless as well as novel, but ... the state courts should make that determination, not the federal removal court....").

In this case, the plaintiffs assert that they can maintain a cause of action against defendant H & Y Chun on one or both of two theories. The first is that H & Y Chun either expressly or impliedly agreed to assume the liabilities of its predecessor company, which sold cigarettes to plaintiff Lois Brown. The second is that H & Y Chun is liable for the products sold by its predecessor company under the "product line exception" to the general rule of successor nonliability. The court will address each of these theories in turn.

**Express or Implied Agreement**

It is the general rule that "a corporation which acquires all or part of the assets of another corporation does not acquire the liabilities and debts of the predecessor...." *LeSane v. Hillenbrand Industries, Inc.*, 791 F.Supp. 871, 874 (D.D.C.1992). There are, however, four traditional exceptions to this general rule. *See id.* The first exception, and the one at issue in this case, applies when the successor agrees, either expressly or impliedly, to assume the liabilities of the predecessor. *See id.* Such an express or implied agreement may be evidenced from the written purchase agreement itself as well as from the circumstances surrounding the transfer of the corporation. *See id.*

The plaintiffs' argument in this case is that it is possible to construe the circumstances surrounding the transfer of the predecessor company to H & Y Chun as including an implied agreement to assume liability. In support of this argument, the plaintiffs note that "H & Y [Chun] did not purchase only the assets of the [predecessor] company, but rather also purchased the entire business including (i) the tradename 'Michigan Liquors,' and (ii) all licenses and permits including an Alcoholic Beverage Control Board license." As in *Glass Molders, Pottery, Plastics and Allied Workers International Union, AFL—CIO v. Wickes Companies, Inc.*, to find that the plaintiffs can assert no cause of action based on this argument, "th[is] court would be forced to enter into the legal and factual thicket that comprises the merits of this case. This is not terrain upon which a court uncertain of its jurisdiction should tread." 707 F.Supp. 174, 181 (D.N.J.1989).

Regardless of the strength or weakness of the plaintiffs' "implied agreement" argument, it cannot be said to be "wholly nonsensical." Its merit, therefore, is appropriately left for the courts of the District of Columbia to determine on remand.

**Product Line Exception**

In addition to the four traditional exceptions to the general rule of successor nonliability, some courts have recognized an additional "product line exception" to the rule. Under the product line exception, a

successor company is liable for products sold by the predecessor company if the successor continues to sell the same product line after obtaining the company. *See Rivas v. District International Trucks,* 1989 WL 117871, *5 (D.D.C.). To date, the courts of the District of Columbia have neither formally adopted nor rejected the product line exception. *See id.*

In *Rivas,* the district court refused to adopt the product line exception because it was hesitant to "inject this theory into state law." *Id.* (stating that "absent a compelling necessity, a Federal Court should not impose the policy pronouncements of the Supreme Court of one state upon the citizens of another") (internal quotations and citations omitted). The instant case differs from *Rivas,* however, on the issue of jurisdiction. *Rivas* was not a case in which the district court was seeking to determine its jurisdiction. Rather, the case was properly before the district court, and the court was seeking to apply correctly the law of the District of Columbia. As such, it was appropriate for the district court to decline to impose a novel legal theory on the courts of the District of Columbia. Here, however, given that the jurisdiction of this court is uncertain and that "a determination [of fraudulent joinder] should be made cautiously by a court 'uncertain of its jurisdiction,'" *Pulse One,* 760 F.Supp. at 84, it is more appropriate to remand this case and allow the courts of the District of Columbia to decide whether or not the plaintiffs can state a valid cause of action under their "product line exception" theory. *See B., Inc.,* 663 F.2d at 554 ("It behooves those of us in federal tribunals to be certain of our jurisdictional underpinnings before [endeavoring to decide matters of state law], ... and we should constantly remind ourselves that we must not trespass upon the judicial 'turf' of the state courts.").

### Conclusion

Considering the applicable facts and law in a light most favorable to the plaintiffs, the court concludes that the defendants have not met their heavy burden of demonstrating that there is absolutely no possibility that the plaintiffs can establish a cause of action against H & Y Chun in the courts of the District of Columbia. Thus, this court finds that it lacks subject matter jurisdiction under 28 U.S.C. § 1332 and must, in accordance with 28 U.S.C. § 1447, remand this case back to D.C. Superior Court.

**ORDERED** that the Plaintiffs' Motion to Remand is **GRANTED,** and it is

**FURTHER ORDERED** that this case be **REMANDED** to the Superior Court for the District of Columbia, and it is

**FURTHER ORDERED** that the Defendants' Joint Motion to Dismiss Plaintiffs' Complaint is **DENIED** as moot.

**SO ORDERED.**