Cherri COX–STEWART

v.

BEST BUY STORES, L.P.

No. CIV.A.2003–2166.

United States District Court,
D. Maryland.

Dec. 12, 2003.

David J. Martin, Joseph B. Chazen, Meyers, Rodbell and Rosenbaum PA, Riverdale, MD, for Plaintiff.

J Paul Mullen, Lord and Whip PA, Baltimore, MD, for Defendant.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution in this civil rights case are the motions by Plaintiff Cherri Cox–Stewart: (1) to reconsider the state court decisions or, in the alternative, to remand for such reconsideration, and (2) for leave to file a second amended complaint. The issues have been briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the reasons that follow, the court will grant Plaintiff's motion to remand the case to the Circuit Court for Prince George's County.

### I. Background

#### A. Factual Background

The following are facts alleged by Plaintiff Cherri Cox–Stewart.[1] On April 15, 2002, Plaintiff, accompanied by her brother, was shopping at Defendant Best Buy Store, L.P. (Best Buy) in Laurel, Maryland. Plaintiff selected a toaster oven for purchase and brought it to the cash register. Plaintiff paid for the toaster oven by check and was given a receipt, which she placed in her purse. As Plaintiff proceeded to exit the store, a store employee asked to see her receipt. Plaintiff, who was holding the box containing the toaster oven, told the employee that she had just paid for the

---

1. The factual allegations are drawn from Plaintiff's amended complaint. *See* Paper 6.

item at a nearby cash register and had placed the receipt in her purse. Another store employee asked Plaintiff to produce the receipt, as she exited the store. Plaintiff responded that she be allowed to go to her vehicle. A store employee allegedly contacted the Laurel Police Department and reported that Plaintiff had stolen merchandise from the store.

Once Plaintiff reached her vehicle, she placed the toaster oven in the trunk and opened the door to enter the vehicle. Several store employees then surrounded Plaintiff's vehicle and a vehicle operated by another store employee parked directly behind Plaintiff's vehicle. Plaintiff asked the store employee repeatedly to move the vehicle. Several minutes later, Officer Martindale of the Laurel Police Department, arrived on the scene along with another officer. Officer Martindale opened the door to Plaintiff's vehicle and ordered her out of the vehicle. He then placed Plaintiff under arrest, handcuffed her and placed her in his police cruiser. When Plaintiff asked Officer Martindale why she was being arrested, he allegedly told her to "pick any charge," including "drunk driving," and that he did not have to provide a reason. During this episode, Officer Martindale also allegedly called Plaintiff a "thief."

Plaintiff told Officer Martindale that she had not stolen anything from the store and that the receipt was in her purse. Officer Martindale allegedly stated that he did not want to see the receipt, even after Plaintiff's brother produced the receipt. Plaintiff was taken to the Laurel Police Department station, where she was booked, photographed and placed in a holding cell. She was detained at the station for approximately 90 minutes before

being released. Officer Martindale swore out criminal charges against Plaintiff, charging her with disorderly conduct. On June 24, 2002, the State's Attorney entered a *nolle prosequi* to the charge of disorderly conduct in Plaintiff's case.

### B. Procedural Background

On March 20, 2003, Plaintiff filed a complaint in the Circuit Court for Prince George's County against Defendant Best Buy, the City of Laurel and Officer Martindale, alleging false imprisonment, defamation, false arrest, battery, violations of state constitutional rights and malicious prosecution. Plaintiff subsequently filed an amended complaint on April 28, 2003. The City of Laurel and Officer Martindale each moved to dismiss the complaint. On July 2, 2003, the state court issued orders granting the motions and dismissing the complaint as to the City of Laurel and Officer Martindale.

On July 25, 2003, Defendant Best Buy removed the action to this court pursuant to 28 U.S.C. § 1441(a) and asserted diversity as the basis for federal jurisdiction under 28 U.S.C. § 1332.[2] On August 11, 2003, following removal, Plaintiff filed two separate motions: (1) a motion to reconsider the state court's dismissal orders or, in the alternative, to remand for such reconsideration, and (2) a motion for leave to file a second amended complaint. The City of Laurel and Officer Martindale oppose the first motion, while Defendant Best Buy opposes both.

### III. Analysis

■ Complete diversity of citizenship must be established at the time of removal. *See Higgins v. E.I. DuPont de Nemours &*

---

2. Plaintiff is a citizen of Maryland, while Defendant Best Buy is a company organized and existing under the laws of the State of Minnesota. *See* Paper 1 at ¶ 1; Paper 6 at ¶ 2. Both the City of Laurel, as a municipality of Maryland, and Officer Martindale, as a citizen of Maryland, were nondiverse parties.

*Co.,* 863 F.2d 1162, 1166 (4th Cir.1988); *Wisconsin Dep't of Corr. v. Schacht,* 524 U.S. 381, 391, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998) (case must fall "within the 'original jurisdiction' of the federal courts ... at the time of removal"). Defendant Best Buy removed the instant action to this court on diversity grounds, after the state court dismissed the City of Laurel and Officer Martindale as parties to the complaint, and filed its notice of removal on July 25, 2003. *See* Paper 17. Ordinarily, pursuant to 28 U.S.C. § 1446(d), "[a] proper filing of a notice of removal immediately strips the state court of its jurisdiction." *Yarnevic v. Brink's Inc.,* 102 F.3d 753, 754 (4th Cir.1996).[3]

▪ Nevertheless, an action may not be removable despite apparently complete diversity of the parties where, as here, "the non-diverse party has been involuntarily dismissed by order of the state judge." *Higgins,* 863 F.2d at 1166; *see also Grubb v. Donegal Mut. Ins. Co.,* 935 F.2d 57, 60 (4th Cir.1991) (if plaintiffs did not voluntarily dismiss defendants, "then the case was improperly removed"). The reason is quite sensible, as explained by the Fourth Circuit: "Although complete diversity may temporarily exist between the parties, suggesting that removal is proper, diversity jurisdiction may ultimately be destroyed if the state appellate court reverses the dismissal of the non-diverse party." *Higgins,* 863 F.2d at 1166.[4] The trend among federal courts "appears to retain the distinction" between the involuntary dismissal and voluntary dismissal of nondiverse par-

ties, with regard to the propriety of removal. *Id.* (citing 14 B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3723 (3d ed.1998)).

The dismissal orders entered in the state court were interlocutory and thus not final judgments because they "did not dispose of all claims against all parties, under Md. Rule 2–602(a)." *Pulse One Communications, Inc. v. Bell Atl. Mobile Sys., Inc.,* 760 F.Supp. 82, 83 (D.Md. 1991).[5] The involuntary dismissal of the City of Laurel and Officer Martindale did not terminate them "from the action with sufficient finality to warrant removal" to federal court. *Id.* Removal therefore was improper from the outset. Accordingly, this case will be remanded to the Circuit Court for Prince George's County.

## III. Conclusion

For the foregoing reasons, the court will grant Plaintiff's motion to remand. A separate Order will follow.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this 12th day of December, 2003, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion by Plaintiff Cherri Cox–Stewart to remand the case to the Circuit Court for Prince George's County (Paper 24) BE, and the same hereby IS, GRANTED;

---

**3.** Section 1446(d) provides:
   Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.
   28 U.S.C. § 1446(d).

**4.** Plaintiff already has made known her desire to appeal the state court orders, as she filed a notice of appeal to the Court of Special Appeals on August 7, 2003. *See* Paper 27, Ex. 1.

**5.** Maryland Rule 2–602(a) "is analogous to Fed.R.Civ.P. 54(b)." *Pulse One,* 760 F.Supp. at 83.

2. This action BE, and the same hereby IS, REMANDED to the Circuit Court for Prince George's County;

3. The Clerk is directed to take all necessary steps to effectuate this remand promptly; and

4. The Clerk will transmit copies of this Memorandum Opinion and this Order to counsel for the parties and CLOSE this case.