W. H. McCLANAHAN, Jr. and Virginia Sue Crump, Plaintiffs,

v.

Claude SNODGRASS and the Cahaba Steel Company, Inc., Defendants.

No. EC 70–81–S.

United States District Court,
N. D. Mississippi, E. D.

Dec. 3, 1970.

Michale D. Jonas of Pogue & Jonas, Aberdeen, Miss., for plaintiffs.

David B. King of Patterson, King & Lee, Aberdeen, Miss., for defendants.

## MEMORANDUM OPINION

ORMA R. SMITH, District Judge.

Plaintiff W. H. McClanahan, on or about December 12, 1968, was driving an automobile on U. S. Highway #45 in Monroe County, Mississippi following a trailer allegedly driven by defendant Snodgrass, while acting as the servant, employee, or agent of defendant, Cahaba Steel Co., Inc. (Cahaba). Allegedly a steel joist fell from the trailer in the path of McClanahan's automobile and as a proximate result thereof McClanahan sustained serious personal injuries.

Contending that he sustained his injuries as the result of the negligence of Snodgrass in the operation of the trailer at the time, McClanahan sued Snodgrass and Cahaba, in the Circuit Court of Monroe County, Mississippi, for the sum of $85,690.00. McClanahan is a citizen of Mississippi. The defendants are citizens of Alabama. The declaration was filed in the State Court on January 8, 1970.

Defendants Snodgrass and Cahaba removed the action to this court on January 29, 1970, pursuant to 28 U.S.C.A. § 1441 and in accordance with the provisions of 28 U.S.C.A. § 1446.

The defendants answered the declaration filed in the State Court on March 4, 1970, the time for the filing of such answer having been enlarged by an order of the court.

On May 5, 1970 plaintiff filed a motion to strike the answer of defendants for the reason that the address of defendants' attorney was not shown on the answer, and, therefore, did not meet the requirements of Fed.Rules Civ.Proc. rule 11, 28 U.S.C.A. Plaintiff, at the same time, then filed a notice of dismissal without prejudice, pursuant to Fed. Rules Civ.Proc. rule 41, 28 U.S.C.A., contending that defendants' answer filed on March 4, 1970 failed to comply with Fed.Rules Civ.Proc. rule 11, 28 U.S.C.A., for the reason that the address of defendants' attorney was not shown on the answer, and requested the court to strike defendants' answer. On May 14, 1970 plaintiff filed a motion for dismissal without prejudice.

On June 24, 1970, the court sustained plaintiff's motion to dismiss without prejudice, and entered an order of dismissal conditioned upon plaintiff paying into the registry of the court within fifteen days from the date of the order the sum of $275.00 for defendants' use in paying attorney's fees, bond fee and court costs in connection with the removal proceeding.

Plaintiff paid into the registry of this court the said sum of $275.00 on June 29, 1970, and the action thereupon stood dismissed without prejudice.

On August 21, 1970 plaintiff Virginia Sue Crump, a sister of one of the attor-

neys for plaintiff McClanahan and, at that time, a stranger to said plaintiff, paid her said brother for the use of plaintiff McClanahan the sum of $275.-00, and received in return an assignment from plaintiff McClanahan of an undivided one-one hundredth (¹⁄₁₀₀) interest in plaintiff McClanahan's cause of action against defendants herein. Plaintiff Crump is a citizen of Alabama.

On September 16, 1970 plaintiff McClanahan, and his assignee plaintiff Crump, filed another suit against the defendants on the same cause of action in the Circuit Court of Monroe County, Mississippi.

On October 5, 1970 defendants again removed the action to this court, pursuant to 28 U.S.C.A. § 1441(a), contending that plaintiff Crump acquired no interest in the cause of action by virtue of said assignment, and that said assignment was made solely for the purpose of defeating defendants' right to have this case removed to the United States District Court for trial under its diversity jurisdiction.

On October 7, 1970, plaintiffs filed a motion to remand this action to the State Court, contending that plaintiff Crump is a citizen of the State of Alabama, and that both of the defendants are citizens of the State of Alabama. There being no diversity of citizenship, plaintiffs contend that this court is without jurisdiction. Plaintiffs contend that the motive of the assignment is without consequence and "that this said assignment has destroyed diversity between the parties, * * *" Plaintiffs included in the motion to remand, a demand for a jury trial, should the motion to remand be denied.

The sole question before the court is whether plaintiff McClanahan may institute one suit in the State Court and secure its dismissal without prejudice after defendants remove the action to this court, and, thereafter reinstitute the same suit in the State Court, having in the meantime made an assignment of a nominal interest in the cause of action to an individual whose citizenship is the same as defendants, thereby destroying the diversity of citizenship and defeating the right of defendants to a trial in the United States District Court.

The court is of the opinion that the maneuver of the parties plaintiff and their attorneys as outlined above having as its purposes the destruction of the diversity of citizenship necessary to sustain the jurisdiction of the Federal Court and the defeat of the right of defendants to have the action tried in a Federal rather than a State Court, should not be countenanced by the court. To permit such to be done would be to open the doors for a local citizen, if he elected to do so, to defeat the right of a citizen of another state to have his case tried in a Federal Court by the simple expediency of making an assignment of some small fraction of the claim to a citizen of the state of which the non-resident defendant is a citizen.

Section 1359, Title 28, U.S.C.A. provides that a District Court of the United States shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court. It appears to the court that the right afforded by 28 U.S.C.A. § 1441 to a nonresident when sued in a State Court where the plaintiff resides to remove the case to a United States District Court for trial should have some protection, especially in the light of such activity as is reflected by the record in these cases.

Defendants cite the case of Gentle v. Lamb-Weston, Inc.,[1] with which this court is in full agreement. In *Gentle* nine Maine citizens commenced an action for breach of contract in a Maine County Superior Court against Snow Flake Canning Co., a Maine corporation. Several months prior thereto, unbeknownst to counsel for plaintiffs, Snow Flake had merged with Lamb-Weston, Inc., an Oregon corporation, the latter corporation surviving. Upon being made aware of

---

1. 302 F.Supp. 161 (N.D.Maine, 1969).

the merger, plaintiffs' counsel brought the action, which is the subject of the opinion of the court, in the same State Court in which the original action was brought, naming Lamb-Weston, Inc. as the defendant. In the latter state action one of the plaintiffs was an Oregon citizen to whom the original plaintiffs had assigned an undivided one-one hundredth (1/100) interest in their claims. The assignee had no previous interest in the claims, and agreed to take the assignments at the request of, and as an accommodation to, his classmate, one of the attorneys for the plaintiffs.

The case was removed to the United States District Court. In denying a motion to remand, District Judge Gignoux held:

"* * * [T]he Court conceives it to be both its prerogative and its duty to pierce the appearance of plaintiff Tamblyn's interest in this case. Having done so, it concludes that the essential diversity of citizenship of the parties at bar has not been vitiated by plaintiffs' sham transaction. Were the Court to hold otherwise, it would be by acquiescence a party to the fraudulent avoidance of its jurisdiction and the substantial frustration of defendant's constitutional and statutory rights. This it declines to be." [2]

Judge Gignoux also quoted from the case of Wecker v. National Enameling and Stamping Co.,[3] where he stated:

"While the plaintiff, in good faith, may proceed in the state courts upon a cause of action which he alleges to be joint, *it is equally true that the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction.*[4]

This court must not only consider one aspect of this action but must consider various jurisdictional factors such as interest in the outcome of the suit, pecuniary benefit derived by the assignee, control of the litigation and motivation of the transfer.[5]

In her discovery deposition plaintiff Crump testified that she did not know and had never had any contact with plaintiff McClanahan; that she purchased an interest in the cause of action for $275.00 as an investment, at the request of her brother, one of the attorneys for plaintiff McClanahan; and that she advanced the money to pay costs. It is evident from her testimony that plaintiff Crump, in referring to costs, had reference to the money which McClanahan was required to pay to the clerk of this court in the former action so as to secure its dismissal.

It is apparent to the court that the assignment was not an arm's length transaction between plaintiff McClanahan and plaintiff Crump and that the assignment was instigated and completed solely for the purpose of defeating, or in counsel for plaintiffs' words, "destroying diversity between the parties". The court would, in fact, be gullible if he thought otherwise.

The court is of the opinion that the defendants herein have the legal and equitable right to have this action tried in a federal forum. Having reached this conclusion, plaintiffs' motion to remand should and will be overruled and denied.

An appropriate order overruling the motion to remand will be entered by the court.

2. 302 F.Supp. at 166–167.

3. 204 U.S. 176, 185–186, 27 S.Ct. 184, 188, 51 L.Ed. 430 (1907).

4. 302 F.Supp. at 165.

5. See Henley & Co. v. Miller Golf Equipment Corporation, 300 F.Supp. 872, 876 (D.Puerto Rico, 1969).