**Olin NELSON and Betty Sim, Individually, Jack M. Zwart and Eleanor Dayle Zwart, as Trustees of the Zwart Family Trust U/A/D 7/13/83; IRA # 97982C001 U/A/D 10/1/80; Robert L. Rentto, as Trustee of Robert L. Rentto, A.P.C., Retirement Trust U/A/D 1/1/79, on Behalf of Themselves and all Others Similarly Situated**

v.

**ST. PAUL FIRE & MARINE INSURANCE COMPANY, St. Paul Surplus Lines Insurance Company and St. Paul Specialty Underwriting, Incorporated, f/k/a Atwater McMillan, Incorporated.**

Civ. A. No. G–95–331.

United States District Court,
S.D. Texas,
Galveston Division.

Aug. 24, 1995.

Michael William Kerensky, John M. O'Quinn, O'Quinn Kerensky & McAninch, Houston, TX, for Olin Nelson, Betty Sim, Jack M. Zwart, Eleanor Dayle Zwart, Jack Nmi Zwart, Robert Rentto.

J. Hampton Skelton, Skelton & Woody, Austin, TX, for St. Paul Fire & Marine Insurance Company, St. Paul Surplus Lines Insurance Company, St. Paul Specialty Underwriting, Inc.

### ORDER GRANTING MOTION TO REMAND

KENT, District Judge.

This is a nationwide class action comprised of all limited partners who purchased interests in a series of oil and gas limited partnerships purported to be covered by insurance. Plaintiffs, who were limited partners in successor, filed this action in the 239th Judicial

District Court of Brazoria County, Texas. Defendants timely removed the action to this Court under a theory of diversity jurisdiction based on fraudulent joinder. Before the Court now is Plaintiffs' Motion to Remand the case to the state court where it was originally filed. For the reasons stated below, the Court finds that the Motion should be **GRANTED** because this Court is without subject matter jurisdiction to hear the case.

It is an elementary and long-standing principle that federal courts are courts of limited jurisdiction that have "only the authority endowed by the Constitution and that conferred by Congress." *Save the Bay, Inc. v. United States Army,* 639 F.2d 1100, 1102 (5th Cir.1981). Under federal statute, federal courts have original jurisdiction over all civil actions where the matter in controversy exceeds $50,000 and is between citizens of different states. 28 U.S.C. § 1332. This diversity statute requires complete diversity, in which none of the Plaintiffs may share the same state citizenship as one of the Defendants. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *see also Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir.1992); *Mas v. Perry,* 489 F.2d 1396, 1398–99 (5th Cir.1974), *cert. denied,* 419 U.S. 842, 95 S.Ct. 74, 42 L.Ed.2d 70 (1975). In this case, it is undisputed that diversity jurisdiction is absent, because several Plaintiffs and Defendants share the same state of citizenship.

Furthermore, it has been clearly established for at least fifty years that when a case is removed from state court to federal court, diversity jurisdiction is tested at the time of removal. *Pullman Co. v. Jenkins,* 305 U.S. 534, 537, 59 S.Ct. 347, 349, 83 L.Ed. 334 (1939). It is axiomatic that "a state court action is not removable to federal court if the action could not originally have been brought in federal court. Thus, removal is proper only when original diversity or federal question jurisdiction is present." *Stewart v. American Airlines, Inc.,* 776 F.Supp. 1194, 1195 (S.D.Tex.1991) (Kent, J.); *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). When neither federal question jurisdiction nor diversity jurisdiction is present, a federal court *must* remand the suit to the state court where it originated. *Brown v. Crop Hail Management, Inc.,* 813 F.Supp. 519, 522 (S.D.Tex.1993) (Kent, J.).

In this case, Defendants removed the action to this Court under the claim that Plaintiff Betty Sim was fraudulently joined; Plaintiff and at least two Defendants are citizens of Minnesota, thus destroying complete diversity. The Fifth Circuit has been unfailingly clear that the party urging jurisdiction on the Court *must* bear the burden of demonstrating that the case is properly before the Court. *Village Fair Shopping Co. v. Sam Broadhead Trust,* 588 F.2d 431 (5th Cir.1978). In specific, the case law in this Circuit is absolutely clear that when an out-of-state Defendant removes an action to federal court on the allegation of fraudulent joinder, the removing party bears the burden to *prove* the alleged fraud. *Yawn v. Southern Railway Co.,* 591 F.2d 312 (5th Cir.), *cert. denied,* 442 U.S. 934, 99 S.Ct. 2869, 61 L.Ed.2d 304 (1979); *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir. 1992).

A removing party may submit affidavit or deposition testimony in support of its removal petition, and the burden of proof placed on such a party claiming fraudulent joinder "is indeed a heavy one":

> In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.

*B. Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981); *see also Laughlin v. Prudential Insurance Co.,* 882 F.2d 187, 190 (5th Cir.1989). The Court must evaluate all of the removing party's factual allegations in the light most favorable to the Plaintiff and must also resolve all contested issues of fact in favor of the Plaintiff. In addition, the court must also resolve any uncertainty as to the current state of the controlling substantive law in Plaintiff's favor. *East Texas Mack Sales, Inc. v. Northwest Acceptance*

*Corp.*, 819 F.2d 116, 119 (5th Cir.1987) (quoting *B. Inc.*, 663 F.2d at 549); *Bobby Jones Garden Apartments v. Suleski*, 391 F.2d 172 (5th Cir.1968). Thus, a removing party's claim of fraudulent joinder designed to destroy diversity jurisdiction is treated as similar to a Motion for Summary Judgment, and a Court must pierce the pleadings to determine whether or not a valid claim has been stated under the controlling law. *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992).

■ The Defendants' essential argument in this case is that the joinder of Betty Sim as a Plaintiff must be reviewed in a manner different from the usual fraudulent joinder case in which a *Defendant* has been improperly joined to defeat jurisdiction. The Court disagrees. While it is true that many cases addressing the question of improper Plaintiffs involve situations in which a Plaintiff is a party to a case only because he or she has been assigned some small portion of the cause of action—which clearly establishes fraudulent joinder—this Court cannot read these cases as limited to the specific factual scenarios they present. *See, e.g., Grassi v. Ciba–Geigy, Ltd.*, 894 F.2d 181, 186 (5th Cir. 1990); *Picquet v. Amoco Prod. Co.*, 513 F.Supp. 938, 943 (M.D.La.1981); *McClanahan v. Snodgrass*, 319 F.Supp. 913, 916 (N.D.Miss.1970); *Gentle v. Lamb–Weston, Inc.*, 302 F.Supp. 161, 166 (D.Me.1969). As one court has stated, "a federal district court ought to inquire into improper or fraudulent joinder of plaintiffs as well as improper or fraudulent joinder of defendants where the motive is to defeat federal jurisdiction." *Picquet*, 513 F.Supp. at 943.

Instead, the Court believes that the ordinary standard for analyzing claims of fraudulent joinder apply equally well under the facts of this case. The improper joinder of a Plaintiff or a Defendant is designed to defeat jurisdiction and improperly deny the opposing party from enjoying its statutory right to have its case heard in a federal court. As stated above, when a court decides whether or not a Defendant has been fraudulently joined, it must determine whether the Plain-

tiff can possibly establish a valid cause of action against the Defendant. If, viewed in a light most favorable to a Plaintiff, the court decides that a legitimate cause of action has been established, the case must be remanded to the state court where it was originally filed. However, Defendants' very argument to this Court opposing the joinder of Sim plays out the same analysis in regards to her status as Plaintiff in this case; Defendants vigorously assert that under the controlling state law of Texas there is no possibility that Sim could be named as a representative party in this class action and that, as a result, the Court must ignore her residency in determining whether complete diversity is present.

■ Unfortunately for Defendants, however, the nature of their argument in this case wholly undercuts the platform from which they wish to launch themselves into federal court. Defendants state that under the Texas choice of law rules, Ms. Sims is precluded from asserting a claim under the Texas Deceptive Trade Practices Act, which forms the basis of this suit.[1] Consequently, Defendants engage in a lengthy and complex analysis of Texas choice of law rules and their application to the facts of this case. As they themselves admit, however, the "particular 'diversity-busting' strategy employed by Plaintiffs in this case has ... never been addressed in a reported case," and Defendants would have this Court decide a novel issue of state law application *in order* to determine its jurisdiction. The Court declines to accept Defendants invitation.

In doing so, the Court agrees with those District Courts that have declined to find improper joinder when a novel issue of state law is presented. In *Glass Molders, Pottery, Plastics and Allied Workers International Union v. Wickes Companies, Inc.*, 707 F.Supp. 174 (D.N.J.1989), the court was faced with a Defendant's allegation that a Plaintiff had been improperly joined because it could not possibly assert a cause of action against a Defendant based on a state-law theory of tortious interference with prospective economic advantage. The court held

---

1. The Court notes in the regard that neither Plaintiffs nor Defendants have properly ad- dressed the legal basis of this suit in their respective Briefs concerning remand.

that to decide this issue, it would be forced into a full hearing of the legal and factual merits of the case, and the court refused to find fraudulent joinder even though Plaintiffs were "attempting to place a new spin upon an exceedingly open-ended state law cause of action" that might very well be barred. *Id.* at 181. "Given the novelty of this state-law cause of action," the court concluded, "we think that decisions affecting its viability rest, quite properly, with the state courts." *Id.* Other courts have come to a similar conclusion. *See, e.g., Pulse One Communications v. Bell Atlantic Mobile Systems, Inc.,* 760 F.Supp. 82, 84 (D.Md.1991) (remanding a case to state court because, where a state-law claim may be "meritless as well as novel," the state court should decide its viability).

Having found, therefore, that Plaintiff Sim's joinder was not so improper as to create complete diversity of citizenship, the Court need not address Plaintiffs' second argument that the requisite amount in controversy is not met by the Plaintiffs in this case. Nevertheless, the Court would call to Plaintiffs attention that its reliance on *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), is misplaced. Plaintiffs seem to be unaware that *Zahn* has been declared overruled in this Circuit, *Free v. Abbott Laboratories,* 51 F.3d 524 (5th Cir.1995), and a viable argument might be made in this case that *Abbott Laboratories* could be extended to bring the named Plaintiffs within the jurisdictional amount for this Court. As stated above, however, the Court has no need to address this issue here.

For these reasons, the Court finds that Plaintiffs' Motion to Remand this case is **GRANTED,** and the above-captioned cause of action is hereby **REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION** to the 239th Judicial District Court of Brazoria County, Texas. Consequently, Defendants' remaining Motion to Dismiss and Motion to Transfer Venue are rendered **MOOT.** All relief not specifically granted herein is **DENIED.** Each party is

to bear his or its own taxable costs in this matter. It is further ordered that the parties file no further pleadings on this matter, including motions to reconsider and the like. Instead, the parties are instructed to seek whatever relief they feel themselves entitled in the courts of the State of Texas, as may be appropriate in due course.[2]

**IT IS SO ORDERED.**

---

**2.** *See* 28 U.S.C. § 1447(d) (denying appellate review of an order to remand based on lack of subject matter jurisdiction).