**JOHNSTON INDUS. INC.,
et al., Plaintiffs,**

**v.**

**MILLIKEN & CO., et al., Defendants.**

No. Civ.A. 98–D–1255–E.

United States District Court,
M.D. Alabama,
Eastern Division.

March 23, 1999.

Jere L. Beasley, Montgomery, AL, for plaintiff.

Ronald G. Davenport, Montgomery, AL, James R. McKoon, Jr., Phenix City, AL, J. Pelham Ferrell, Clayton, GA, Michael T. Dawkins, Jackson, MS, Justin D. Waldrep, pro se, Atlanta, GA, JDW Consulting, pro se, Atlanta, GA, for defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court are Plaintiffs' Motion To Remand ("Remand Mot."), filed on December 3, 1998 and Brief In Support Of Plaintiffs' Motion To Remand ("Pls.' Brief"), filed on December 9, 1998. Contained within both Plaintiffs' Motion To Remand and Plaintiffs' Brief is a request, pursuant to 28 U.S.C. § 1447(c), that the court assess against Defendants just costs and actual expenses, including attorneys' fees, incurred as a result of improper removal, which request the court construes as a Motion For Attorneys' Fees. On January 4, 1999, Defendant Milliken & Company ("Milliken") filed a Memorandum Of Law In Opposition To Plaintiffs' Motion To Remand, which the court construes as a Response ("Response"). On January 6, 1999, Defendants R.A. Taylor & Associates, Inc. ("Taylor & Associates"), Global Intelligence Network, Inc. ("Global"), and Rodney A. Taylor ("Mr.Taylor") filed a Notice Of Joinder In Defendant's [Milliken's] Response. On January 11, 1999, Plaintiffs' filed a Reply Brief ("Reply").

After a thorough review of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Plaintiffs' Motion To Remand is due to be granted and that Plaintiffs' Motion For Attorneys' Fees is due to be denied.

## FACTUAL BACKGROUND

In this case of alleged corporate espionage, Plaintiffs Johnston Industries, Inc. ("JI") and Johnston Industries Alabama, Inc. ("JIA") filed a Complaint against Defendants Milliken, Taylor & Associates, Global, Justin D. Waldrep ("Mr.Waldrep"), JDW Consulting ("JDW"), and Mr. Taylor in the Circuit Court of Russell County on October 7, 1998. In their Complaint, Plaintiffs allege, inter alia, that:

Defendants have engaged in an extensive and ongoing pattern of fraud and theft of trade secrets and confidential information-illegal schemes devised and implemented by the perpetrators as part of an enterprise to acquire and use confidential competitor information through fraudulent misrepresentations and tortious activities-all to the substantial financial and competitive benefit of the Defendants and to the detriment of Milliken's competitors, including JI.

(Compl.¶ 17.)

On November 6, 1998, Defendant Milliken timely filed a Notice Of Removal ("Removal Not.") pursuant to 28 U.S.C. §§ 1441 and 1446, thereby removing this case to this court. Also, on November 6, 1998, Defendants Taylor & Associates, Mr. Taylor, and Global filed a Joinder In Notice Of Removal, as did Defendants JDW and Mr. Waldrep.

In support of removal, Defendant Milliken asserts that this court exercises subject matter jurisdiction over this case through diversity of citizenship and requisite amount in controversy, pursuant to 28 U.S.C. § 1332.[1] (Removal Not. ¶ 17.) Plaintiffs and Defendant Milliken agree upon the following citizenship designations of the Parties to this action: (1) Plaintiff JI is a Delaware corporation with its principal place of business in Georgia (Compl. ¶ 1; Removal Not. ¶ 10); (2) Plaintiff JIA is an Alabama corporation with its principal place of business in Alabama[2] (Compl. ¶ 2; Removal Not. ¶ 11); (3) Defendant Milliken is a Delaware corporation with its principal place of business in South Carolina (Compl. ¶ 3; Removal Not. ¶ 4); (4) Defendant Taylor and Associates is a Georgia corporation with its principal place of business in Georgia (Compl. ¶ 4; Removal Not. ¶ 5); (5) Defendant Global is a Georgia corporation with its principal place of business in Georgia (Compl. ¶ 6; Removal Not. ¶ 6); (6) Defendant Mr. Taylor is a resident of Georgia (Compl. ¶ 8; Removal Not. ¶ 7); (7) Defendant Mr. Waldrep is a resident of Georgia (Compl. ¶ 10; Removal Not. ¶ 8); and (8) Defendant JDW is an unincorporated association with its principal place of business in Georgia and whose sole owner/member, Defendant Mr. Waldrep, is a resident of Georgia. (Compl. ¶ 12; Removal Not. ¶ 9.)

Defendant Milliken contends, however, that Plaintiff JI "was fraudulently joined, and is not a real party in interest here. Thus, Johnston's [JI's] citizenship should be disregarded for purposes of determining whether complete diversity exists in this case. The only Plaintiff whose citizenship should be considered is JI Alabama [JIA]." (Removal Not. ¶ 20.) Specifically, Defendant Milliken argues that, but for the fraudulent joinder of Plaintiff JI, which has Georgia citizenship, complete diversity

would exist between the remaining Plaintiff, JIA, which has Alabama citizenship, and the six Defendants, which have either Georgia, South Carolina, and/or Delaware citizenship. (Removal Not. ¶¶ 18–20, 27.)

In their Motion To Remand, Plaintiffs contend that this court does not have subject matter jurisdiction because "Johnston Industries [JI] is a proper Plaintiff and was not fraudulently joined" (Remand Mot. ¶ 4) because JI "alleges several viable causes of action under Alabama law." (Reply at 1.) Plaintiffs argue that "Defendants have failed to prove that recognition of JI's claims . . . is impossible." (Id. at 2.) Therefore, Plaintiffs argue that removal by Defendant Milliken was improper because of a lack of complete diversity. (Mot. ¶ 4.)

## DISCUSSION

### I. Plaintiffs' Motion To Remand

Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. See 28 U.S.C. § 1441(a). A federal district court may assert jurisdiction in a case involving citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. See 28 U.S.C. § 1332(a). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity—every plaintiff must be diverse from every defendant." Tapscott v. MS Dealer Serv. Co., 77 F.3d 1353, 1359 (11th Cir.1996). Therefore, where the parties are diverse and the amount in controversy is sufficient, a defendant has the statutory right to remove an action from state to federal court. See 28 U.S.C. § 1332(a).

It is well-settled that the defendant, as the party removing an action to federal court, has the burden to establish federal jurisdiction. See Diaz v. Sheppard, 85

---

**1.** The issue of requisite amount in controversy is not in dispute in this action. Accordingly, the court focuses on the alleged diversity of citizenship.

**2.** The court notes that Plaintiffs state that JIA has its corporate office in Columbus, Georgia. However, the issue of JIA's Alabama citizenship is undisputed because JIA is an Alabama corporation with its principal place of business in Alabama. (Compl. ¶ 2.)

F.3d 1502, 1505 (11th Cir.1996). Removal statutes must be strictly construed because of the significant federalism concerns raised by removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Seroyer v. Pfizer, Inc.,* 991 F.Supp. 1308, 1312 (M.D.Ala.1997) (DeMent, J.). Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "All doubts [and uncertainties] about federal court jurisdiction must be resolved in favor of a remand to state court." *Seroyer,* 991 F.Supp. at 1312 (citing *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994)); *see also Shamrock Oil v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214; *Diaz,* 85 F.3d at 1505; *Coker v. Amoco Oil Co.,* 709 F.2d 1433 (11th Cir. 1983); *Stone v. Williams,* 792 F.Supp. 749 (M.D.Ala.1992).

As the Supreme Court has long recognized, a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921). The Eleventh Circuit has articulated that joinder may be deemed fraudulent in three situations:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. . . . The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. . . . [A] third situation of fraudulent joinder was identified—i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability · and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir.1998) (citations omitted). "The removing party bears the burden of proving that the joinder of the resident defendant was fraudulent." *Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1561 (11th Cir.1989) (citing *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir.1983)); *see also Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir.1997) (citing *Cabalceta* ).

The burden on the defendant is a "heavy one." *Crowe,* 113 F.3d at 1538. "[T]he district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Id.; see also Coker,* 709 F.2d at 1440 (citing *Bobby Jones Garden Apts., Inc. v. Suleski,* 391 F.2d 172, 177 (5th Cir.1968)).[3] "If there is even a possibility · that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker,* 709 F.2d at 1440–41 (citing *Parks v. New York Times, Co.,* 308 F.2d 474, 477–78 (5th Cir.1962)). In addressing fraudulent joinder, the court may consider both affidavits and deposition excerpts. *See Cabalceta,* 883 F.2d at 1561; *Coker,* 709 F.2d at 1440.

Generally, fraudulent joinder is raised in the context of a defendant accusing a plaintiff of fraudulently joining a resident, or non-diverse, defendant in an effort to destroy diversity. Here, both Defendant Milliken and Plaintiffs seek the court's determination as to whether or not Plaintiff JI was fraudulently joined. In so doing, Milliken and Plaintiffs assume the existence of the doctrine of fraudulent joinder of a plaintiff. The court, however, does not assume the existence of such a doctrine. Therefore, the threshold issue before the court is whether the doctrine of

---

**3.** Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding authority in the Eleventh Circuit. *See* *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

fraudulent joinder of a defendant extends to include the alleged fraudulent joinder of a plaintiff.

■ As discussed below, the court finds that the application of the doctrine of fraudulent joinder of a defendant does not extend to include the alleged fraudulent joinder of a plaintiff. Therefore, the court finds that Defendant Milliken improperly removed this case to federal court and finds that Plaintiffs' Motion To Remand is due to be granted.[4]

The court notes that Defendant Milliken mischaracterizes, on several occasions, the case law concerning fraudulent joinder. While the court encourages counsel to zealously represent their clients by, inter alia, offering persuasive interpretations of the case law, the court frowns upon the type of blatant misrepresentations offered by Defendant Milliken.

For example, Defendant Milliken alters the plain language of the basic definition of fraudulent joinder of a defendant as set forth by the Eleventh Circuit in cases such as *Triggs*, 154 F.3d at 1287, *Tapscott*, 77 F.3d at 1360 n. 17, and *Insinga v. LaBella*, 845 F.2d 249, 254 (11th Cir.1988). First, in its Notice Of Removal, Defendant Milliken inaccurately cites *Insinga*, stating that fraudulent joinder occurs where:

(i) there is no possibility that the plaintiffs could prove a cause of action against the *defendants*, or

(ii) the plaintiffs fraudulently pled jurisdictional facts in order to subject the *defendant* to the jurisdiction of the state court.

(Removal Not. ¶ 19 (emphasis added).) The actual language in *Insinga* includes the word "resident" as a modifier to the word "defendant" as follows:

[T]here was no possibility that the plaintiff could prove a cause of action against the *resident defendant* or that the plaintiff fraudulently pled jurisdictional facts in order to subject that *resident defendant* to the jurisdiction of the state court.

*Insinga*, 845 F.2d at 254 (emphasis added). Defendant Milliken fails to include the word "resident," which clearly indicates that fraudulent joinder contemplates the fraudulent joinder of a non-diverse, or resident, defendant and not of a plaintiff.

Likewise, in its Response, Defendant Milliken again inaccurately sets forth the instances where fraudulent joinder occurs. This time, instead of merely deleting the word "resident" as a modifier to the word "defendant," Defendant Milliken goes one step further. By changing "resident" to

---

4. The court notes that, rather than invoking this court's jurisdiction by filing a Notice Of Removal, Defendant Milliken more properly should have filed a Motion To Dismiss Plaintiff JI in the Circuit Court of Russell County based upon an alleged lack of standing. Indeed, in its Response, Defendant Milliken argues that "[t]he issue before the Court is whether a parent holding company (Johnston) [JI] has standing to initiate a claim for alleged injuries sustained solely by its wholly-owned operating subsidiary (JI Alabama) [JIA]." (Resp. at 1.)

Assuming arguendo that the Circuit Court found that Plaintiff JI lacks standing in this lawsuit, Defendant Milliken then could have removed this case to federal court based upon diversity jurisdiction. Defendant Milliken, by first filing a motion to dismiss in state court, however, would not have jeopardized its ability to remove this case. Specifically, Defendant Milliken would have had thirty days from the time it first learned that JI was no

longer a Plaintiff and, therefore, that the case was removable, to file such notice of removal. Section 1446(b) recognizes that there may be instances in which a defendant is not aware from the initial pleading that a case is removable, stating:

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of [diversity] jurisdiction ... more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). Plaintiffs filed their Complaint on October 7, 1998, which would have provided Defendants up to one year from that date within which to file a notice of removal, subject to the thirty-day limitation.

the analogous "non-diverse" and moving it to modify "plaintiff" instead of "defendant," Defendant Milliken inaccurately cites *Tapscott* as follows:

> [T]o establish fraudulent joinder, the removing party must show either (1) that there is no possibility that the *non-diverse plaintiff* could establish a cause of action against the *defendant(s)* in state court; or (2) that there has been outright fraud in the pleading of jurisdictional facts.

(Resp. at 7 (emphasis added).) The actual language in *Tapscott* reads as follows:

> This Circuit has previously recognized two situations where joinder is fraudulent: (1) if there is no possibility the *plaintiff* can prove a cause of action against the *resident defendant*; or (2) if there has been outright fraud by the plaintiff in pleading jurisdictional facts.

*Tapscott*, 77 F.3d at 1360 n. 17 (emphasis added). Once again, the court reminds Defendant Milliken that there is a difference between interpreting the law and misrepresenting the law.

Further, in its Response, Defendant Milliken inaccurately cites *Wright v. State Farm Fire & Casualty Co.*, No. 96–A–1663–N, 1997 WL 114902, at *2 (M.D.Ala. Feb.14, 1997), as standing for the proposition that fraudulent joinder occurs when a plaintiff attempts to prevent removal by joining either a non-diverse plaintiff or a non-diverse defendant, stating that "[b]ecause of the complete diversity requirement, plaintiffs may prevent removal merely *by joining a non-diverse party* in the litigation, *either as a plaintiff or a defendant.*" (Resp. at 6 (emphasis added).) However, the actual language in *Wright* refers only to the fraudulent joinder of a non-diverse defendant, as follows:

> "Because of the complete diversity requirement, a plaintiff may prevent removal simply *by joining a defendant* who shares the same state citizenship as the plaintiff." *Wright*, 1997 WL 114902, at *2 (emphasis added). Further, the very next sentence in *Wright* states that "[t]he filing of a frivolous or otherwise illegitimate claim

against a *non-diverse defendant* solely to prevent removal is called a 'fraudulent joinder.' " *Id.* (emphasis added).

Defendant Milliken again inaccurately cites *Wright* as standing for the proposition that "[w]here, however, a *non-diverse party* has no legitimate connection with the litigation, and has been joined solely to defeat diversity, courts may disregard that party's citizenship under the doctrine of 'fraudulent joinder' when assessing the existence of complete diversity." (Resp. at 6 (emphasis added).) The actual language in *Wright* does not address a "non-diverse party," by which Defendant Milliken means a defendant or a plaintiff, but rather states that "[c]ourts may disregard the citizenship of *fraudulently joined defendants* when assessing the existence of complete diversity." *Wright*, 1997 WL 114902, at *2 (emphasis added). In *Wright*, Defendants removed the case to federal court on the basis of diversity jurisdiction, alleging that one of the *defendants* had been fraudulently joined; the case has nothing to do with the fraudulent joinder of a plaintiff. *Id.* at *1. Here again, Defendant Milliken unsuccessfully and inappropriately attempts to convince the court that the doctrine of fraudulent joinder of a defendant extends to include situations involving the alleged fraudulent joinder of a plaintiff.

Plaintiffs accurately note that "Defendants have failed to cite a single case in the Eleventh Circuit where a Plaintiff was held to have been fraudulently joined." (Reply at 3.) The court, too, notes that Defendant Milliken fails to offer the court any guidance from the Eleventh Circuit on the issue of fraudulent joinder of a plaintiff. While the court assumes that Defendant Milliken failed to cite such Eleventh Circuit case law because none exists on point, the court notes that Defendant Milliken failed to inform the court of same.

Indeed, Defendant Milliken offers the court just one case, from a district court in Mississippi, which involves the fraudulent joinder of a plaintiff. *See Nationalcare Corp. v. St. Paul Property & Casualty Ins.*

*Co.,* 22 F.Supp.2d 558 (S.D.Miss.1998). In *Nationalcare,* the court does not examine the viability of the extension of fraudulent joinder to plaintiffs, but rather assumes that fraudulent joinder of a plaintiff exists and ultimately determines that a resident plaintiff has no standing to sue, thereby denying plaintiffs' motion to remand. *Id.* Upon careful examination of *Nationalcare,* this court is not persuaded that it stands for the proposition that there is such a doctrine as fraudulent joinder of a plaintiff. Therefore, this court is not persuaded by *Nationalcare* to extend the doctrine of fraudulent joinder of defendants to include fraudulent joinder of plaintiffs.

Plaintiffs offer two cases in which the issue of fraudulent joinder of a plaintiff arises. *See Nelson v. St. Paul Fire & Marine Ins. Co.,* 897 F.Supp. 328, 331–32 (S.D.Tex.1995) (declining to find that joinder of non-diverse plaintiff was fraudulent where novel issue of state law presented and remanding the case); *Glass Molders, Pottery, Plastics & Allied Workers Int'l Union v. Wickes Cos.,* 707 F.Supp. 174, 181 (D.N.J.1989) (same). The *Nelson* court assumes the viability of fraudulent joinder of a plaintiff and urges that "a federal district court ought to inquire into improper or fraudulent joinder of plaintiffs as well as improper or fraudulent joinder of defendants where the motive is to defeat federal jurisdiction." *Nelson,* 897 F.Supp. at 331 (quoting *Picquet v. Amoco Prod. Co.,* 513 F.Supp. 938, 943 (M.D.La.1981)). Other than this suggestion, however, the *Nelson* court does not address the validity of the rationale underlying the extension of fraudulent joinder to include plaintiffs. Thus, this court remains unpersuaded by *Nelson.*

This court is aware of no case law by either the Eleventh Circuit or any of the district courts within the Eleventh Circuit which addresses the issue of fraudulent joinder of a plaintiff. The court reiterates

its finding that a state court motion to dismiss is the proper procedural vehicle through which Defendant Milliken should pursue its claim that JI lacks standing. Based on the foregoing, the court finds that this case is due to be remanded to the Circuit Court of Russell County for adjudication.[5]

## II. Plaintiffs' Motion For Attorneys' Fees

Finally, the court considers Plaintiffs' request for costs and attorneys' fees. Plaintiffs claim that they are entitled to such an award because "[t]here is little question that this case should not have been removed from the Circuit Court of Russell County, Alabama" and because "[s]ubject matter jurisdiction is patently lacking in this case." (Pls.' Brief at 9–10.) Defendant Milliken argues, however, that Plaintiffs have failed to demonstrate that removal jurisdiction was patently lacking. (Resp. at 17–18). The court finds that Plaintiffs' Motion For Attorneys' Fees is due to be denied.

In the Judicial Improvements and Access to Justice Act of 1988 ("JIAJA"), Congress greatly expanded the discretion afforded to federal district courts to award costs and attorneys' fees pursuant to 28 U.S.C. §§ 1446 and 1447, where an action has been improperly removed to a federal court. *See* Pub.L. 100–702. As a result of the JIAJA, the amended version of § 1447(c) provides, in relevant part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Whether to award attorneys' fees and costs is within the sole discretion of the trial court. *See IMCO USA, Inc. v. Title Ins. Co. of Minn.,* 729 F.Supp. 1322, 1323 (M.D.Fla.1990). Prior to the 1988 amendment to § 1447(c), most courts did

---

5. The court notes that Defendant Milliken also requests that the court permit limited discovery on the issue of JI's standing to maintain a claim against Defendants. (Resp. at 15.) The court, however, need not address said request because the court's finding that this case is due to be remanded remains unaffected by the resolution of the standing issue raised by Defendant Milliken.

not include an award of attorneys' fees for improper removal without a showing of bad faith because the statute did not mention attorneys' fees as an available remedy to an improper removal. *See Gray v. New York Life Ins. Co.*, 906 F.Supp. 628, 630 (N.D.Ala.1995) (citing *Bucary v. Rothrock*, 883 F.2d 447, 450 (6th Cir.1989)).

■ Subsequent to the amendment, courts have interpreted § 1447(c) to allow broad discretion to a district court when determining whether to award attorneys' fees. *See Gray*, 906 F.Supp. at 631 (citing *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 325 (10th Cir.1994)). The standard that has emerged is whether "the defendants in this action acted reasonably on the basis of the information available at the time of removal." *Howard Griggs Trucking, Inc. v. American Central Ins. Co.*, 894 F.Supp. 1503, 1510 (M.D.Ala.1995) (DeMent, J.). More specifically, even though a defendant may have acted in good faith, a district court may award attorneys' fees against a defendant for improper removal where subject matter jurisdiction is "patently lacking." *See Grace v. Interstate Life & Accident Ins. Co.*, 916 F.Supp. 1185, 1192 (M.D.Ala.1996) (DeMent, J.); *Bedford v. Connecticut Mut. Life Ins. Co.*, 916 F.Supp. 1211, 1217 (M.D.Ala.1996) (DeMent, J.) (finding that "removal jurisdiction was not 'patently lacking' because the issue of whether diversity jurisdiction exists . . . is far from a simple determination").

■ In this action, the court finds that, although this case is due to be remanded, removal jurisdiction was not "patently lacking." Despite the court's extreme disappointment with Defendant Milliken's counsel's mischaracterization of the case law as detailed above, the court notes that Defendant Milliken acted reasonably in removing this case on the basis of the information available at the time of removal. Defendant Milliken had a viable, but unsuccessful, argument in advocating for an expansion of the law. Specifically, although the court is not persuaded by Defendant Milliken's arguments in support of

the issue of fraudulent joinder of a plaintiff, Defendant Milliken did present one case, albeit from the Southern District of Mississippi, in which the court addresses the issue of fraudulent joinder of a plaintiff. Because the Eleventh Circuit has not yet addressed the issue of fraudulent joinder of a plaintiff, and because case law relevant to this issue, though sparse, exists in at least the three district courts outside of the Eleventh Circuit brought to the court's attention by the Parties, the court finds that Defendant Milliken had a reasonable and justifiable basis on which to remove this case. The court reminds Defendant Milliken that having a reasonable basis pursuant to which to remove a case does not give counsel license to blatantly distort the unambiguous meaning of the law in so removing.

Indeed, Plaintiffs do not argue specifically to the court that fraudulent joinder of a plaintiff is not a proper ground for removal. Rather, Plaintiffs argue that fraudulent joinder of a plaintiff should be addressed by the court in the same fashion as fraudulent joinder of a defendant, stating:

> To the extent that the Defendants may argue that the alleged fraudulent joinder of a Plaintiff is somehow different from where it is alleged that a Defendant has been improperly joined, Plaintiff would direct the Courts [sic] attention to [certain cases addressing the issue of fraudulent joinder of a plaintiff].

(Pls.' Brief at 3 n. 3.) Thereafter, Plaintiffs argue that Defendant Milliken fails to cite any Eleventh Circuit cases in which the court found a plaintiff to be fraudulently joined. (Reply at 3.) Thus, because neither Defendant Milliken nor Plaintiffs dispute the existence of the doctrine of fraudulent joinder of a plaintiff, the court finds that the possibility of removal jurisdiction is not patently lacking. Based on the foregoing, the court finds that Plaintiffs' Motion For Attorneys' Fees is due to be denied.

### *ORDER*

It is therefore CONSIDERED and OR-DERED that Plaintiffs' Motion To Remand be and the same is hereby GRANTED, and that this action be and the same is hereby REMANDED to the Circuit Court of Russell County, Alabama, pursuant to 28 U.S.C. § 1447(c). The Clerk of Court is DIRECTED to take all steps necessary to effectuate said remand.

It is further CONSIDERED and OR-DERED that Plaintiffs' Motion For Attorneys' Fees be and the same is hereby DENIED.